**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILLIP G. BROWN,

       Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

       Defendant-Appellee.

No.    18-35839

D.C. No. 2:17-cv-01470-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 24, 2019
Seattle, Washington

Before:  CLIFTON and IKUTA, Circuit Judges, and RAKOFF,[**] District Judge.

Phillip Brown appeals the district court's decision affirming the Social

Security Commissioner's denial of his application for disability insurance benefits

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

and supplemental security income.  The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

We first consider Brown's claim that the administrative law judge (ALJ) is generally biased against persons with Brown's characteristics, and therefore was biased in his case.  In connection with this bias claim, Brown argues that the Commissioner's rules and internal guidance documents preclude meaningful consideration or judicial review of his general bias claim, and therefore his constitutional due process right to an impartial adjudication of his eligibility for benefits was violated.  To support this argument, Brown points to the Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-1-24, which prohibits the consideration of "information from another claim(s) file or with another person's information, or . . . other information specifically about the ALJ" when determining whether an ALJ has a pattern of bias, 2016 WL 1427087, at *2 (Apr. 11, 2016), and notes the ALJ's ruling that HALLEX I-2-1-24 precluded him from considering the materials submitted by Brown to establish his general bias.  Brown further argues that the ALJ's unfavorable decision is not subject to review by the Appeals Council, because Social Security Rule (SSR) 13-1p indicates that "an allegation that an ALJ shows 'general bias' or a pattern of bias or misconduct against a group or particular category of claimants" is an issue that is beyond the

2

scope of the Appeals Council's authority to review, and directs the Appeals Council to refer allegations of general bias to an internal agency office that is not subject to judicial review.[1]  SSR 13-1p, 2013 WL 633939, at *4 (Jan. 29, 2013).

We disagree that the Commissioner has precluded meaningful consideration of a general bias claim, because the government has represented in oral argument that the Appeals Council can consider Brown's evidence of general bias as part of its evaluation of a claimant's appeal of an ALJ's ruling.  The government interprets the portion of SSR 13-1p that states that "the Appeals Council will process the request for review" of a claim "that an ALJ shows 'general bias' or a pattern of bias or misconduct against a group or particular category of claimants" to mean that the Appeals Council can consider evidence relating to the ALJ's conduct and rulings in other hearings and can rule on the claim that the ALJ is generally biased against persons with specified characteristics.[2]  Further, the government states that

----

[1] SSR 13-1p provides that "if the Appeals Council receives an allegation about another issue that is beyond the scope of its authority, such as an allegation that an ALJ shows 'general bias' or a pattern of bias or misconduct against a group or particular category of claimants, the Appeals Council will process the request for review and acknowledge the allegation in the notice, order, or decision . . . [and] will refer the allegation to the Division of Quality Service." *Id.*

[2] *See* Oral Argument for Brown v. Saul, United States Court of Appeals for the Ninth Circuit (Oct. 24, 2019), https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000016373 (relevant discussion is from 18:25–26:00).

the relevant regulations permit a claimant to submit evidence of general bias to the Appeals Council pursuant to 20 C.F.R. § 404.970(a)(5), which provides that the Appeals Council will receive additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision." Although Brown did not appeal the ALJ's ruling to the Appeals Council in this case, he did not forfeit his right to such an appeal because he could reasonably conclude, based on the language of SSR 13-1p, that such an appeal would have been futile.

Under "[f]undamental principles of administrative law . . . a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019). Accordingly, we remand to the district court with instructions to remand to the Commissioner to consider Brown's claim of general bias and the supporting evidence in the first instance. *See* 42 U.S.C. § 405(g) (sentence six). Although Brown also challenges the ALJ's decision on the merits, we refrain from addressing his claims pending a determination on his challenge to the ALJ's impartiality. Instead, we will retain jurisdiction over Brown's appeal and, in accordance with § 405(g), the Commissioner shall "file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual,

a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."

**REMANDED with instructions.**[3]

---

[3] Each party shall bear its own costs.